# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**SHANNON MARIE JOHNSON,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　**Civil Action No. 1:03CV222**
　　　　　　　　　　　　　　　　　　　　　**(Judge Broadwater)**

**PRUNTYTOWN CORRECTION CENTER;**
**WARDEN JAMES IELOPI;**
**CORRECTIONAL OFFICER-JUDY GRINNON;**
**CORRECTIONAL OFFICER-JONNIE REXROAD;**
**DIRECTOR OF MEDICAL-ROY WHITE; and**
**MEDICAL STAFF (full names unknown at this time),**

    **Defendants.**

## REPORT AND RECOMMENDATION/OPINION

### I. FACTS

On October 20, 2003, the *pro se* plaintiff, Shannon Marie Johnson, filed a complaint against the above named defendants pursuant to 42 U.S.C. §1983. The plaintiff's complaint involves two issues - medical treatment and a disciplinary action.

The plaintiff alleges that on November 9, 2002, she was "wrongly accused of assaulting officer Judy Grinnon" and placed on detention status. The accusation was investigated and the write-up was dismissed only to have the accusation re-instated the same day. The plaintiff states that because she was found guilty of a Class I violation, she was transferred to the Ohio County Correctional Complex, placed on 60 day segregation, lost her job at Pruntytown, and lost her

classification.

The plaintiff also states that in 2002 she fell from the top bunk in her cell at the Pruntytown Correctional Center. As a result of the fall, she experienced back pain. She states she was denied a request to be placed in a bottom bunk. However, months later, she was assigned to a bottom bunk. According to the plaintiff, around the first of November 2002, her back pain intensified. She was taken to medical and given crutches to help her walk. She was also given pain medication. According to the plaintiff, her pain increased but she was dismissed because of "their lack of believe due to the pending write-up." The plaintiff states that she was unable to eat, had syncope episodes, severe atrophy in muscle control, and convulsions which led to her hospitalization. According to the plaintiff, she was advised that "numerous medications and their dosages were contraindicated causing severe reactions." The plaintiff states that she had surgery on her back but she continues to suffer mental anguish from the loss of her job at Pruntytown and her classification "and just the right to a fair and unbiased hearing has been denied and therefore, [she] is unable to heal mentally."

The plaintiff indicates that she wants to be "compensated for pain and suffering, loss of wages and future wages, mental anguish, future medical bills to be paid, write-up expunged from [her] record, and an official investigation to be launched, DOC classification to be lowered to a 3."

By Order entered on June 24, 2004, the Court ordered the plaintiff to provide proof of exhaustion. On July 12, 2004, the plaintiff filed Response to Order to Provide Proof of Exhaustion. The plaintiff indicates that several of her documents were lost during her transfer to the Ohio County Correctional Facility on December 4, 2002. The documents the plaintiff has provided reveal that she filed an appeal from the finding that she was guilty of violating rule 1.02. The plaintiff's appeal was denied. The plaintiff then filed an appeal to Commissioner Rubenstein who determined that due

process was not compromised.

With regard to her medical care, the plaintiff has provided no information that she completely exhausted her administrative remedies. Instead, the information the plaintiff has provided reveals that she filed level one grievances regarding her desire to have surgery.

This matter is pending before me for initial review and report and recommendation pursuant to LR PL P 83.02. Having screened the plaintiff's complaint in accord with the local rules of this Court and in accord with the provisions of 28 U.S.C.§ § 1915(e) and 1915A,[1] the undersigned concludes the facts as the plaintiff alleges are insufficient to sustain a claim and the complaint should be summarily dismissed.

## II. ANALYSIS

### A. Exhaustion.

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action "with respect to prison conditions" under 42 U.S.C. §1983 must first exhaust all available administrative remedies. 42 U.S.C. §1997e. Exhaustion as provided in §1997e(a) is mandatory. Booth v. Churner, 532 U.S.

---

[1] 28 U.S.C. §1915A provides, in pertinent part, that:
(a) Screening.–The court shall review...a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.–On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §1915(e)(2)(B) states:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
> (B) the action or appeal-
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

731, 741 (2001). While the phrase "with respect to prison conditions" is not defined in 42 U.S.C. §1997e, the Supreme Court has determined that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516 (2002). Moreover, exhaustion is even required when the relief the prisoner seeks, such as monetary damages, is not available. Booth 532 U.S. at 741. Additionally, district courts should enforce the exhaustion requirement sua sponte if not raised by the defendant. Brown v. Toombs, 139 F.3d 1102 (6th Cir.), cert. denied, 525 U.S. 833 (1998). The PLRA requires the complaint to be dismissed until the record demonstrates on its face that the prisoner has exhausted his administrative remedy. Brown; 42 U.S.C. §1997e(a).

The West Virginia Department of Corrections has established a three level grievance process for prisoners to grieve their complaints in an attempt to resolve the prisoners' issues. The first level involves filing a G-1 Grievance Form with the Unit Supervisor or appropriate Staff Supervisor. If the inmate receives no response or is unsatisfied with the response received at Level One the inmate may proceed to Level Two by filing a G-2 Grievance Form with the warden/administrator. Finally, the inmate may appeal the Level 2 decision to the Commissioner of the Division of Corrections.

The plaintiff filed an appeal to the Warden regarding the disciplinary hearing, The plaintiff also filed an appeal to the Commissioner. In denying the appeal, the Commissioner advised the plaintiff that she was not denied due process, there was sufficient evidence to substantiate the charge, she was properly informed of the charge and "accepted administrative hearing procedures were followed."

With regard to the medical issue, the plaintiff filed a Level One Grievance and was advised

4

on May 27, 2003, that she had been referred to an ortho/neurosurgeon for evaluation and that "it takes time to get in to see a neurosurgeon." On August 21, 2003, the plaintiff filed a Level One grievance regarding back surgery. The plaintiff provided no other grievances regarding her medical care at Pruntytown Correctional Center. However, the plaintiff states that some of her paperwork was lost. Giving the plaintiff the benefit of the doubt, the undersigned finds that she exhausted the medical issue.

### B. Disciplinary Issue

The plaintiff wants compensated for mental anguish from the loss of her job at Pruntytown and her classification and the alleged unfair hearing. Pursuant to 42 U.S.C. §1997e(e) "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." See Alexander v. Tippah County, Miss., 351 F. 3d 626 (5th Cir. 2003)( §1997e(e) precludes recovery for emotional and mental injuries arising from conditions of confinement without a physical injury); see also, Counts v. Newhart, 951 F.Supp. 579 (E.D. Va. 1996)(eighth amendment claims of overcrowding and inadequate medical treatment without evidence of injury could be dismissed at the outset under §1997e(e)).

The plaintiff sustained no physical injury from the loss of her job and classification and alleged unfair hearing. Consequently, the plaintiff is not entitled to be compensated for her mental anguish.

Further, while the plaintiff seeks the expungement of disciplinary charges from her record and alleges that her right to a fair and unbiased hearing was denied, the plaintiff does not indicate how she was denied a fair and unbiased hearing. While Rule 8 of the Federal Rules of Civil

5

Procedure only requires notice pleading, the pleading must be more than conclusory. When the plaintiff does not allege facts of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" she has no claim for relief under the Due Process Clause. Sandin v. Connor, 515 U.S. 472 (1995). The plaintiff's complaint sets forth no allegations of an atypical and significant hardship, thus she has failed to show that she has a federally protected right to due process in the disciplinary hearing.

Further, while the plaintiff requests that her classification be lowered, there is no liberty interest in custody classification. See Harper v. Showers, 174 F. 3d 716, 719 (5th Cir. 1999); Lucien v. DeTella, 141 F. 3d 773 (7th Cir. 1998). See also Garrett v. Angelone, 940 F. Supp. 933, 943 (W.D. Va. 1996), aff'd, 107 F. 3d 865 (4th Cir. 1997)( a change in custody and security status "does not implicate federal due process protections").

### C. Medical Issue

The plaintiff indicates that she wants compensated for future medical bills. It is unclear if the plaintiff is attempting to raise an Eighth Amendment claim regarding her medical care. Even, if she is, she has failed to state a claim.

To state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the defendants acted with deliberate indifference to her serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976).[2] A cognizable claim under the Eighth Amendment is not raised when the allegations reflect a mere disagreement between the inmate and a physician over the inmate's proper medical care, unless exceptional circumstances are alleged.

---

[2]The cruel and unusual punishment clause of the Eighth Amendment applies to the States through the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Wilson v. Seiter, 501 U.S. 294 (1991).

Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). In order to establish an Eighth Amendment violation, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

With regard to claims of inadequate medical attention, the objective component is satisfied by a serious medical condition. A medical condition is "serious" if "it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir.1990), cert. denied, 500 U.S. 956 (1991); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3rd Cir.1987), cert. denied, 486 U.S. 1006 (1988). A medical condition is also serious if a delay in treatment causes a life-long handicap or permanent loss. Monmouth 834 F.2d at 347.

The prisoner may satisfy the subjective component of a "cruel and unusual punishment" claim by showing deliberate indifference by prison officials. Wilson, 501 U.S. at 303. "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Basically, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "[A]cting or failing to act with deliberate indifference to a substantial risk to a prisoner is the equivalent of recklessly disregarding that risk." Id. at 836. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial or nonexistent." Id. at 844.

7

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment, [or lack thereof], must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir.1990); Norris v. Detrick, 918 F.Supp. 977, 984 (N.D.W.Va.1996), aff'd, 108 F.3d 1373 (4th Cir.1997).

The facts as alleged by the plaintiff do not demonstrate a claim of deliberate indifference. The plaintiff was treated with medication, hospitalized, and provided surgery. There is nothing which reveals that the defendants were deliberately indifferent to her medical condition. Instead, it appears that the plaintiff is raising a negligence claim. However, negligence or malpractice does not violate the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

### III. RECOMMENDATION

In consideration of the foregoing, it is recommended that the plaintiff's §1983 complaint against the defendants be dismissed with prejudice.

Any party may file within ten (10) days of the date of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841

(4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation/Opinion to the *pro se* plaintiff.

DATED:	April 28, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE